```
                                    ┌─────────────────────────────────┐
                                    │ USDC SDNY                       │
UNITED STATES DISTRICT COURT        │ DOCUMENT                        │
SOUTHERN DISTRICT OF NEW YORK       │ ELECTRONICALLY FILED            │
-----------------------------------X│ DOC #:_____         │
DONALD ORR,                        :│ DATE FILED: 6-28-12             │
                                   :└─────────────────────────────────┘
                       Petitioner, :
                                   :
                                   :    11 Civ. 0501 (RMB) (HBP)
      - against -                  :
                                   :    __DECISION & ORDER__
WILLIAM HULIHAN, Superintendent,   :
Mid-State Correctional Facility,   :
                                   :
                       Respondent. :
-----------------------------------X
```

I.      **Background**

On January 23, 2012, United States Magistrate Judge Theodore H. Katz, to whom this matter had been referred, issued a through Report and Recommendation ("Report") recommending that the Court deny Donald Orr's ("Petitioner" or "Orr") petition, filed on January 18, 2011, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Report at 1–2, 10–11, 36–37.)  The Report recommended, among other things, that: (1) the Court reject Petitioner's argument that the New York State Supreme Court, New York County, erred during jury selection in denying Petitioner's challenge under Batson v. Kentucky, 476 U.S. 79, 85 (1986), when it "credited the obviously pretextual reasons offered by the prosecution for striking" an Hispanic woman and an African-American woman because "[t]he prosecution . . . met its burden by articulating distinct race-neutral reasons," and because "Petitioner has provided no basis for this Court to reject the trial court's findings as clearly erroneous"; (2) the Court reject Petitioner's argument that the trial court "failed to require the prosecution to explain its final peremptory challenge against a potential African-American juror" because the trial court "had already found the absence of discrimination"; (3) the Court reject Petitioner's argument that the trial court "failed to require the prosecution to explain [its challenges of] four out of the six

African-American and Hispanic jurors" because Petitioner "forfeited []his claim under federal law" by "failing to bring this omission to the trial court's attention," and the claim "is procedurally defaulted under New York law"; and (4) the Court reject Petitioner's argument that his "sentence of three years [should] be reduced in the interest[] of justice, given his age, deteriorating health, and the relatively low-level nature of his offense" because Petitioner's claim "is not cognizable on federal habeas review," "is unexhausted and procedurally barred," and it "fails on the merits."  (Pet'r's Br. on Appeal to the App. Div., 1st Dep't, dated Dec. 30, 2009 ("Pet'r's Br."), at 2; Report at 17, 19, 20–21, 26, 29–30 (internal citations and quotations omitted); see Pet. ¶¶ 10, 13–14.)

Judge Katz also recommended that the Court deny Petitioner's request for a stay of this habeas proceeding because Petitioner "has not shown good cause for failing to exhaust his claim before filing his Petition and briefing the merits of the Petition."  (Report at 34.)

Judge Katz also recommended that the Court decline to issue a certificate of appealability because "Petitioner has not made a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  (Report at 36.)

On or about March 5, 2012, Petitioner filed timely objections, "object[ing] to [the Report] in its [e]ntirety."  (Pet'r's Objections, dated March 5, 2012 ("Pet'r's Obj."), at 1–2.)  Respondent did not file a response to Petitioner's Objections.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is denied.**

## II.    Standard of Review

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

When a state trial court's Batson ruling is challenged under 28 U.S.C. § 2254, the Court "will not identify constitutional error unless the record 'compel[s] the conclusion that the trial court had no permissible alternative but to reject the prosecutor's race-neutral justifications.'" Watson v. Ricks, 427 F. App'x 60, 61 (2d Cir. 2011) (alteration in original) (quoting Rice v. Collins, 546 U.S. 333, 341 (2006)).

The Court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Downs v. Lape, 657 F.3d 97, 101–02 (2d Cir. 2011) (quoting Cone v. Bell, 556 U.S. 449, 465 (2009)), cert. denied, No. 11-9423, 2012 WL 965940, at *1 (May 21, 2012).

"No federal constitutional issue is presented where . . . [a] sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) (citation omitted).

Where a party is proceeding pro se, the court construes the party's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam), and "interpret[s] them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III.   Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted.

The Court has conducted a de novo review of, among other things, the Petition, the Report, Petitioner's Objections, and applicable legal authorities, and concludes that Judge Katz's recommendations are supported by the record and the law.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[1]

**(1) First Batson Challenge**

Judge Katz properly found that the prosecution articulated distinct race-neutral reasons for striking an Hispanic woman and an African-American woman.  (Report at 16–17); see McKinney v. Artuz, 326 F.3d 87, 99 (2d Cir. 2003).  The prosecutor contended that the female Hispanic juror's "brother was arrested for assault" recently, and the female African-American juror "had a run-in where she was mugged . . . and the police didn't do anything."  (Trial Transcript, dated Dec. 4, 2009 ("Tr."), at 262:8-17; see Report at 6–7, 16–17); see also Green v. Travis, 414 F.3d 288, 300–01 (2d Cir. 2005).  Judge Katz found that the challenge to the two jurors "was not based on their race."  (Report at 17; see Tr. at 262:18-25, 263:1-11); see also Messiah v. Duncan, 435 F.3d 186, 198 (2d Cir. 2006).  Judge Katz correctly determined that that "Petitioner has provided no basis for this Court to reject" the trial court's findings.  (Report at 17); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005).

**(2) Second Batson Challenge**

Judge Katz properly determined, with respect to the prosecution's final peremptory challenge against a potential African-American juror, that the trial court "'had already found the absence of discrimination.'"  (Report at 19 (quoting Orr, 73 A.D.3d at 597)).  He stated that the prosecutor had not struck three other African-American jurors (Report at 18; Tr. at 260:9-12,

---

[1]     As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous.  See Pizarro, 776 F. Supp. at 817.  Any Objections not specifically addressed in this Order have been considered de novo and rejected.

267:17-25); "that Petitioner had abandoned his claim of discrimination against African-Americans" (Report at 18; Tr. at 259:16-25, 260:1-14); and that "[a]nother African-American remained in the jury pool and was eventually seated as an alternate juror" (Report at 18 n.5; see Tr. at 268:1-2, 270:1-10, 272:7-20.) See Brown v. Alexander, 543 F.3d 94, 103 (2d Cir. 2008). Judge Katz concluded that "Petitioner has failed to demonstrate that this conclusion was an unreasonable application of clearly established federal law." (Report at 19); see Overton v. Newton, 295 F.3d 270, 277 (2d Cir. 2002).

### (3) Third Batson Challenge

Judge Katz correctly found that, with respect to the prosecutor's challenge to "four out of six potential jurors," that Petitioner's claim is procedurally defaulted under New York law because Petitioner "failed to preserve any claim of error as to the trial court's failure to require the prosecution to justify the peremptory strikes . . . ." (Report at 20–22); see Richardson v. Greene, 497 F.3d 212, 220 (2d Cir. 2007). And, Petitioner has "not asserted cause for the default or prejudice." (Report at 26 n.6); see Murray v. Carrier, 477 U.S. 478, 485, 490 (1986).

### (4) Petitioner's Sentence

Judge Katz properly concluded that Petitioner's contention that his sentence of three years should be reduced in the interest of justice is "not cognizable on federal habeas review." (Report at 2, 26); see Fielding v. LeFevre, 548 F.2d 1102, 1108–09 (2d Cir. 1977). Judge Katz found that, "[e]ven if this Court were to liberally construe the Petition as asserting that the sentence imposed was cruel and unusual, in violation of the Eighth Amendment," Petitioner's claim is unexhausted because Petitioner did not "fairly present[] the federal nature of his claim to the state courts" and relied "solely [upon] state law authority." (Report at 27–29; see Pet'r's Br. at 36–40); see also N.Y. Crim. Proc. Law § 470.15; King v. Cunningham, 442 F. Supp. 2d 171,

181 (S.D.N.Y. 2006).  Judge Katz also found that this claim is procedurally defaulted because the New York Court of Appeals denied Petitioner leave to appeal, see People v. Orr, 15 N.Y.3d 582 (2010), and Petitioner "cannot return to the New York state courts."  (Report at 29); see Aparicio v. Artuz, 269 F.3d 78, 90–91 (2d Cir. 2001).  And, he found that Petitioner has not asserted "cause nor prejudice," nor a "showing of a miscarriage of justice," in order to overcome his procedural default.  (Report at 30); Brown v. Senkowski, 152 F. App'x 15, 19 (2d Cir. 2005).

Judge Katz also correctly determined that, if this claim were to be reviewed on the merits, Petitioner's sentence of three years of incarceration plus one and one half years of post release supervision is "within the range prescribed by state law."   White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see N.Y. Penal Law §§ 70.70(4)(b)(iii), 220.31; (see also Report at 26, 30–31; Sentencing Tr., dated Dec. 22, 2008, at 2–13.)

**No Stay of Proceedings**

Judge Katz properly recommended that the Court should deny Petitioner's request for a stay because, among other things, Petitioner "has not shown good cause for failing to exhaust his claim before filing his Petition and briefing the merits of the Petition." (Report at 34); see Rhines v. Weber, 544 U.S. 269, 277–78 (2005).  Petitioner "could have instituted a coram nobis proceeding asserting that appellate counsel was ineffective . . . when leave to appeal was denied by the New York Court of Appeals," and "[i]nstead, he filed his habeas petition in January 2011."  (Report at 33–34).  See Redd v. Woughter, No. 09 Civ. 9819, 2010 WL 4983169, at *1 (S.D.N.Y. Dec. 3, 2010).

**No Certificate of Appealability**

Petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is neither warranted nor appropriate in this

case.  (See Report at 36); see also Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006).  Any

appeal from this Order would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3); (see also

Report at 36.)

IV.    **Conclusion and Order**

     For the reasons stated herein and therein, the Report [#26] is adopted in its entirety, and

the Petition [#1] is denied.  The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
      June 28, 2012



        **RICHARD M. BERMAN, U.S.D.J.**